# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-344V
UNPUBLISHED

IVIE DOTSON
*parent and guardian of A.D., a minor*,

                        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                        Respondent.

Chief Special Master Corcoran

Filed: October 27, 2020

Petitioner's Motion for a Decision
Dismissing Her Petition; Varicella
Vaccination; Insufficient Proof of
Causation; Special Processing Unit
(SPU)

*David Charles Richards, Christensen & Jensen, P.C., Salt Lake City, UT, for petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION DISMISSING PETITION[1]

On March 5, 2019, Ivie Dotson, parent and guardian of A.D. ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] [the "Vaccine Act" or "Program"]. Petitioner alleges two possible Table injuries stemming from a March 7, 2014 measles, mumps, rubella, and varicella vaccination: either i) varicella vaccine-strain viral reactivation disease, or ii) disseminated varicella vaccine-strain viral disease. Petition at 1-2.

On July 14, 2020, the parties held a telephonic status conference during which I informed Petitioner's counsel that I did not believe the current record included sufficient evidence to establish either of the alleged theories. ECF No. 24. With respect to varicella vaccine-strain viral reactivation disease, to show that an individual suffered a Table injury,

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

"[t]here must be laboratory confirmation that the vaccine-strain of the varicella virus is present …." *See* 42 C.F.R. § 100.3(a) and (b)(12). However, Petitioner's counsel confirmed during the call that no laboratory testing occurred. With regard to the disseminated varicella vaccine-strain viral disease, to establish a Table injury a petitioner must show that the "varicella illness … involves the skin beyond the dermatome in which the vaccine was given and/or disease caused by the vaccine-strain varicella in another organ." *See* 42 C.F.R. § 100.3(a) and (b)(11). If strain determination was not done, the onset of the illness in any organ must occur 7 to 42 days after vaccination. Again, during the call, Petitioner's counsel confirmed that no testing was conducted, and the record indicates onset was within 24 hours.

An Order to Show Cause was issued, affording Petitioner 30 days to file additional evidence indicating that A.D. suffered a Table Injury. ECF No. 24. On August 13, 2020, Petitioner filed a status report stating that there is no additional evidence in support of this claim. ECF No. 25. On September 1, 2020, a second Order to Show Cause was issued, affording Petitioner until September 30, 2020, to show cause why this case should not be dismissed for failure to meet the Table requirements and/or as untimely. ECF No. 26. It also provided Petitioner with information on how to voluntarily exit the Vaccine Program. The order concluded by informing Petitioner that non-compliance would be interpreted as either a failure to prosecute the claim or as an inability to provide necessary support for the claim. The petition would be dismissed in either event.

On September 30, 2020, Petitioner filed a Motion to Voluntarily Dismiss pursuant to Rule 21(a). ECF No. 27. Petitioner indicated in her motion that "[a]n investigation of the facts and science supporting her case has demonstrated to [P]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1. Petitioner further indicated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all her rights in the Vaccine Program." *Id.* at 3. The motion further stated that Respondent reserved the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of Petitioner's claim and to oppose, if appropriate, the application for costs. *Id.* However, Respondent otherwise did not oppose the motion.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with § 12(d)(3)(A), **Petitioner's**

**claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[2]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.